MINGO DRILLING COMPANY *v.* PERSINGER SUPPLY COMPANY

(No. 6789)

Submitted November 3, 1931.    Decided November 10, 1931.

*E. A. Hansbarger,* for plaintiff in error.
*L. V. S. Curry* and *G. R. C. Wiles,* for defendant in error.

LIVELY, JUDGE:

Persinger Supply Company instituted suit in a justice court against F. B. Elswick to recover $244.50 due on account and attached a sum of money ($263.48) claimed by plaintiff to be due Elswick from Earlston Coal Company. Defendant confessed judgment; but the Mingo Drilling Company, a corporation, appeared as a claimant of the money attached.

This writ of error deals with the claims of plaintiff and Mingo Drilling Company to the money in controversy, which Earlston Coal Company paid into court and which was later paid to Persinger Supply Company. Upon appeal from the justice court ,on the question of rights of property, the lower court set aside a jury verdict favorable to Persinger Supply Company, which seeks a reversal of that order here.

The trial court's judgment in setting aside a jury verdict and granting a new trial is entitled to peculiar weight in appellate proceedings; and generally a stronger case is necessary for this court to disturb an order granting a new trial than when one has been refused. *Miller* v. *Insurance Co.*, 12 W. Va. 116; *Nutter* v. *City of Salem*, 110 W. Va. 180, 157 S. E. 592.

The money attached represented a balance owed by Earlston Coal Company on contract for cleaning wells entered into by it through McLaughlin, its vice-president and manager, and Elswick. It is the contention of Mingo Drilling Company that in the performance of the work, Elswick acted as its agent; and to substantiate that contention, Elswick testified that as president and general manager of the Mingo Drilling Company, a corporation organized in December, 1928, and in which company Elswick held one share of stock, it was his duty to secure contracts and to see that the work thereof was executed; that about July or August, 1929, acting in his official capacity he entered into a verbal contract with Earlston Coal Company to clean certain wells, without disclosing his agency. There is evidence to the effect that the records of Earlston Coal Company show that the account for this work and for supplies purchased was carried in Elswick's name, McLaughlin explaining that "knowing no one else to handle it with, that is the way we carried it." McLaughlin admits that he does not know whether Elswick did the work for himself or for the corporation of which he knew nothing "prior to this transaction," and further, that upon completion of the work he received from Mingo Drilling Company or Elswick, manager, a statement of the amount owing to the drilling company.

There is no conflict in the testimony. Elswick's relationship with Mingo Drilling Company is unequivocally shown. Prior to his association with the drilling company he had been a driller on his own behalf, during which time he had created the account for which this suit was instituted. For more than a year he had been the agent of Mingo Drilling Company, owning but one share of stock and receiving $150.00 a month as salary, when the company's earnings warranted its payment. In the absence of evidence to show him an independent contractor on other occasions during his association with the drilling company or of representations that he contracted as such with McLaughlin, it would clearly seem that Elswick's execution of the coal company's work was in furtherance of his principal's business. In the light of such facts it cannot be said that the agent's failure to disclose his principal is a denial that such a relationship existed. The only other evidence tending to refute such conclusion is the manner in which the coal company kept its record of the account for supplies furnished on Elswick's orders. This was merely a matter of bookkeeping and entitled to cursory consideration when coupled with McLaughlin's admissions. Such a circumstance would, at most, be an inferential contradiction and is clearly insufficient to refute a positive showing of an agency relationship between Elswick and Mingo Drilling Company.

We conclude, therefore, that the jury's verdict was unwarranted under the evidence and that the judicial discretion in awarding a new trial was not abused.

*Affirmed.*